**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

DISTRICT OF NEW JERSEY

Case number *(if known)* _____    Chapter  __7__

☐ Check if this is an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy      04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | **Iron Hill Brewery of Perimeter, LLC** | |
| 2. | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names and *doing business as* names | | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **84-3410005** | |

4.  **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **1224 Hammond Drive, Suite 100** <br> **Dunwoody, GA 30346** <br> Number, Street, City, State & ZIP Code | **260 Eagleview Boulevard** <br> **Exton, PA 19341** <br> P.O. Box, Number, Street, City, State & ZIP Code |
| **DeKalb** <br> County | **Location of principal assets, if different from principal place of business** |
| | Number, Street, City, State & ZIP Code |

5.  **Debtor's website** (URL)      **https://ironhillbrewery.com**

6.  **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **Iron Hill Brewery of Perimeter, LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

__7224__

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☑ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check **all** that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☑ No.
☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☑ Yes.

| Debtor | **Iron Hill Brewery of Perimeter, LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

| List all cases. If more than 1, attach a separate list | Debtor | **See Attachment** | | Relationship | |
|---|---|---|---|---|---|
| | District | | When | Case number, if known | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

Contact name _____

Phone _____

---

**■ Statistical and administrative information**

**13. Debtor's estimation of available funds**   *Check one:*

☐ Funds will be available for distribution to unsecured creditors.

■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ■ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | **Iron Hill Brewery of Perimeter, LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

---

| | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **October 3, 2025**
                MM / DD / YYYY

**X** **/s/ Mark Kirke**                                    **Mark Kirke**
Signature of authorized representative of debtor          Printed name

Title    **Chief Executive Officer**

---

**18. Signature of attorney**

**X** **/s/ Sean C. Southard**                        Date    **October 3, 2025**
Signature of attorney for debtor                            MM / DD / YYYY

**Sean C. Southard**
Printed name

**Klestadt Winters Jureller Southard & Stevens, LLP**
Firm name

**200 West 41st Street**
**17th Floor**
**New York, NY 10036**
Number, Street, City, State & ZIP Code

Contact phone    **(212) 972-3000**    Email address    **ssouthard@klestadt.com**

**528422025 NJ**
Bar number and State

Debtor    **Iron Hill Brewery of Perimeter, LLC**                                    Case number (*if known*) _____
Name

---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

DISTRICT OF NEW JERSEY

Case number (*if known*) _____    Chapter    **7**

☐ Check if this is an
amended filing

---

**FORM 201. VOLUNTARY PETITION**

**<u>Pending Bankruptcy Cases Attachment</u>**

---

| Debtor | **Iron Hill Brewery of Perimeter, LLC** | | Case number (*if known*) | |
| --- | --- | --- | --- | --- |
| | Name | | | |

| | | | | |
| --- | --- | --- | --- | --- |
| Debtor | **C&D Brewing Company of Ardmore, LLC** | Relationship to you | | affiliates |
| District | | When | Case number, if known | |
| Debtor | **C&D Brewing Company of Chestnut Hill, LLC** | Relationship to you | | affiliates |
| District | | When | Case number, if known | |
| Debtor | **C&D Brewing Company of Huntingdon Valley, LLC** | Relationship to you | | affiliates |
| District | | When | Case number, if known | |
| Debtor | **C&D Brewing Company of Lancaster, LLC** | Relationship to you | | affiliates |
| District | | When | Case number, if known | |
| Debtor | **C&D Brewing Company of Marlton, LLC** | Relationship to you | | affiliates |
| District | | When | Case number, if known | |
| Debtor | **C&D Brewing Company of Media, LLC** | Relationship to you | | affiliates |
| District | | When | Case number, if known | |
| Debtor | **C&D Brewing Company of Montgomeryville, LLC** | Relationship to you | | affiliates |
| District | | When | Case number, if known | |
| Debtor | **C&D Brewing Company of Pennsylvania, LLC** | Relationship to you | | affiliates |
| District | | When | Case number, if known | |
| Debtor | **C&D Brewing Company of Phoenixville, LLC** | Relationship to you | | affiliates |
| District | | When | Case number, if known | |
| Debtor | **C&D Brewing Company of Voorhees, LLC** | Relationship to you | | affiliates |
| District | | When | Case number, if known | |
| Debtor | **C&D Brewing Company of Wilmington, LLC** | Relationship to you | | affiliates |
| District | | When | Case number, if known | |
| Debtor | **Chesapeake & Delaware Brewing Company, LLC** | Relationship to you | | affiliates |
| District | | When | Case number, if known | |
| Debtor | **Iron Hill Brewery East Market, LLC** | Relationship to you | | affiliates |
| District | | When | Case number, if known | |
| Debtor | **Iron Hill Brewery of Buckhead, LLC** | Relationship to you | | affiliates |
| District | | When | Case number, if known | |
| Debtor | **Iron Hill Brewery of Columbia, LLC** | Relationship to you | | affiliates |
| District | | When | Case number, if known | |
| Debtor | **Iron Hill Brewery of Eagleview, LLC** | Relationship to you | | affiliates |
| District | | When | Case number, if known | |
| Debtor | **Iron Hill Brewery of Hershey, LLC** | Relationship to you | | affiliates |
| District | | When | Case number, if known | |
| Debtor | **Iron Hill Brewery of Lehigh Valley, LLC** | Relationship to you | | affiliates |
| District | | When | Case number, if known | |
| Debtor | **Iron Hill Brewery of Newtown, LLC** | Relationship to you | | affiliates |
| District | | When | Case number, if known | |
| Debtor | **Iron Hill Brewery of Rehoboth Beach, LLC** | Relationship to you | | affiliates |
| District | | When | Case number, if known | |
| Debtor | **Iron Hill Brewery of South Carolina, LLC** | Relationship to you | | affiliates |
| District | | When | Case number, if known | |
| Debtor | **Iron Hill Brewery, LLC** | Relationship to you | | parent |
| District | | When | Case number, if known | |

**WRITTEN CONSENT**

**OF**

**IRON HILL BREWERY INVESTMENTS, LLC**

**a Delaware limited liability company**

Dated September 24, 2025

The undersigned, constituting the board of managers (the "**Board**") of Iron Hill Brewery Investments, LLC, a Delaware Limited Liability Company (the "**Company**"), together with member IHB HoldCo, LLC (the "**Member**"), hereby consent, pursuant to Section 18-404(d) of the Delaware Limited Liability Company Act, to the adoption of the following recitals and resolutions, effective as of the date hereof.

**WHEREAS**, the Board and Member have reviewed, considered, evaluated and, to the extent permitted, taken action with respect to strategic alternatives available to Iron Hill Brewery, LLC ("**IHB**"), and its wholly owned subsidiaries identified on Schedule 1 hereto (the "**Subsidiaries**") in light of their collective financial condition and liquidity constraints, including, without limitation, (i) the potential for obtaining a near term liquidity event that would bridge to a potential going concern transaction for IHB and its Subsidiaries, or alternatively (ii) the cessation of business, wind-down of active operations, and filing of petitions under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**");

**WHEREAS**, the Board and Member have determined that the likelihood of achieving near term liquidity and consummating a going concern transaction for IHB and/or its Subsidiaries is increasingly uncertain and that liquidity constraints are significantly curtailing IHB's ability to make critical payments to creditors and continue operating as a going concern;

**WHEREAS**, the Board and Member have determined that it is therefore desirable, and in the best interests of the Company, IHB and the Subsidiaries, their collective and respective creditors, equity owners and other interested parties for IHB and the Subsidiaries to cease business effective immediately, terminate substantially all employees, wind-down operations and then file voluntary petitions for relief under Chapter 7 of the Bankruptcy Code as soon thereafter as reasonably practical;

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that the filing by IHB and each of the Subsidiaries of a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**") thereby commencing a Chapter 7 Case (each such case, a "**Bankruptcy Case**") be, and it hereby is, authorized and approved;

**FURTHER RESOLVED**, that Mark Kirke, as chief executive officer of IHB ("**Authorized Person**") be, and hereby is, authorized and empowered, in the name of IHB and each of the Subsidiaries, to execute and verify a petition for relief under Chapter 7 of the

Bankruptcy Code, and to cause the same to be filed with the Bankruptcy Court at such time as the Authorized Person shall determine;

**FURTHER RESOLVED**, that the Authorized Person be, and hereby is, authorized and empowered to execute and file, on behalf of IHB and each of the Subsidiaries, all petitions, schedules, lists, documents, pleadings and other papers and to take any and all action that he may deem necessary or proper in connection with each Bankruptcy Case;

**FURTHER RESOLVED**, that the Authorized Person be, and hereby is, authorized to take, or cause to be taken, such further action, and to enter into, perform, execute and deliver, or cause to be delivered, for and in the name and on behalf of IHB and each of the Subsidiaries, all such agreements, instruments, certificates and documents deemed necessary or appropriate in order to effectuate the purpose and intent of the foregoing resolutions (as conclusively evidenced by the taking of such action or the execution and delivery of such agreements, instruments, or documents, as the case may be, by or under the direction of the Authorized Person) including, for the avoidance of doubt, to retain and employ Klestadt Winters Jureller Southard & Stevens, LLP to render legal services to and to represent IHB and each of the Subsidiaries in connection with each Bankruptcy Case and other related matters in connection therewith, and to retain and employ all assistance by other professionals or otherwise, which he may deem necessary or proper to represent, assist or consult with IHB, and all actions heretofore taken by the Authorized Person with the subject of the foregoing resolutions be, and hereby are, approved, ratified and confirmed in all respects as the act and deed of IHB and each of the Subsidiaries;

**FURTHER RESOLVED**, that the Authorized Person hereby is authorized, directed and empowered, in the name and on behalf of IHB and each of the Subsidiaries, to pay all such fees and expenses, as in its judgment may be necessary or appropriate to effectuate the intent and accomplish the purposes of the foregoing resolutions, and the payment of any such fees and expenses in connection with the foregoing matters, shall conclusively establish its authority therefor from IHB;

**FURTHER RESOLVED**, that any acts of the  Authorized Person which acts would have been authorized by the foregoing resolutions except that such acts were taken prior to the adoption of such resolutions, be, and each such act hereby is, severally ratified, confirmed, approved and adopted as an act in the name and on behalf of IHB and each of the Subsidiaries.

[*Remainder of Page Intentionally Left Blank*]

IN WITNESS WHEREOF, the undersigned has executed this Written Consent as of the date and year first written above.

**MANAGERS**

_____

KEVIN FINN, Manager

_____

KEVIN DAVIES, Manager

_____

MARK EDELSON, Manager

_____

NED LIDVALL, Manager

_____

ARNIE CAINE, Manager

**IHB HOLDCO, LLC**

By: _____

JACK D. MCCARTHY, JR.,

Authorized Party

*Written Consent of Iron Hill Brewery Investments, LLC – Signature Page*

IN WITNESS WHEREOF, the undersigned has executed this Written Consent as of the date and year first written above.

**MANAGERS**

_____

KEVIN FINN, Manager


_____

KEVIN DAVIES, Manager


_____

MARK EDELSON, Manager


_____

NED LIDVALL, Manager


_____

ARNIE CAINE, Manager


**IHB HOLDCO, LLC**


By: _____

 JACK D. MCCARTHY, JR.,

Authorized Party


_Written Consent of Iron Hill Brewery Investments, LLC – Signature Page_

IN WITNESS WHEREOF, the undersigned has executed this Written Consent as of the date and year first written above.

**MANAGERS**

_____

KEVIN FINN, Manager

_____

KEVIN DAVIES, Manager

_____

MARK EDELSON, Manager

_____

NED LIDVALL, Manager

_____

ARNIE CAINE, Manager

**IHB HOLDCO, LLC**

By: _____

JACK D. MCCARTHY, JR.,

Authorized Party

*Written Consent of Iron Hill Brewery Investments, LLC – Signature Page*

IN WITNESS WHEREOF, the undersigned has executed this Written Consent as of the date and year first written above.

**MANAGERS**

_____

KEVIN FINN, Manager

_____

KEVIN DAVIES, Manager

_____

MARK EDELSON, Manager

_____

NED LIDVALL, Manager

_____

ARNIE CAINE, Manager

**IHB HOLDCO, LLC**

By: _____

 JACK D. MCCARTHY, JR.,

Authorized Party

*Written Consent of Iron Hill Brewery Investments, LLC – Signature Page*

IN WITNESS WHEREOF, the undersigned has executed this Written Consent as of the date and year first written above.

**MANAGERS**

_____

KEVIN FINN, Manager

_____

KEVIN DAVIES, Manager

_____

MARK EDELSON, Manager

_____

NED LIDVALL, Manager

_____

ARNIE CAINE, Manager

**IHB HOLDCO, LLC**

By: _____

JACK D. MCCARTHY, JR.,

Authorized Party

_Written Consent of Iron Hill Brewery Investments, LLC – Signature Page_

IN WITNESS WHEREOF, the undersigned has executed this Written Consent as of the date and year first written above.

**MANAGERS**


_____
KEVIN FINN, Manager


_____
KEVIN DAVIES, Manager


_____
MARK EDELSON, Manager


_____
NED LIDVALL, Manager


_____
ARNIE CAINE, Manager


**IHB HOLDCO, LLC**


By: _____
  JACK D. MCCARTHY, JR.,

Authorized Party

_Written Consent of Iron Hill Brewery Investments, LLC – Signature Page_

**Schedule 1**

**Subsidiaries of the Company**

| Seq. No. | Name of Subsidiary | State of Incorporation |
|---|---|---|
| 1 | Chesapeake & Delaware Brewing Company, LLC | Delaware |
| 2 | C&D Brewing Company of Wilmington, LLC | Delaware |
| 3 | C&D Brewing Company of Lancaster, LLC | Pennsylvania |
| 4 | C&D Brewing Company of Media, LLC | Pennsylvania |
| 5 | C&D Brewing Company of Chestnut Hill, LLC | Pennsylvania |
| 6 | C&D Brewing Company of Montgomeryville, LLC | Pennsylvania |
| 7 | C&D Brewing Company of Ardmore, LLC | Pennsylvania |
| 8 | C&D Brewing Company of Phoenixville, LLC | Pennsylvania |
| 9 | C&D Brewing Company of Marlton, LLC | New Jersey |
| 10 | C&D Brewing Company of Voorhees, LLC | New Jersey |
| 11 | C&D Brewing Company of Pennsylvania, LLC | Pennsylvania |
| 12 | C&D Brewing Company of Huntingdon Valley, LLC | Pennsylvania |
| 13 | Iron Hill Brewery East Market, LLC | Pennsylvania |
| 14 | Iron Hill Brewery of Rehoboth Beach, LLC | Delaware |
| 15 | Iron Hill Brewery of Hershey, LLC | Pennsylvania |
| 16 | Iron Hill Brewery of Newtown, LLC | Pennsylvania |
| 17 | Iron Hill Brewery of South Carolina, LLC | South Carolina |
| 18 | Iron Hill Brewery of Buckhead, LLC | Georgia |
| 19 | Iron Hill Brewery of Eagleview, LLC | Pennsylvania |
| 20 | Iron Hill Brewery of Perimeter, LLC | Georgia |
| 21 | Iron Hill Brewery of Columbia, LLC | South Carolina |

| Seq. No. | Name of Subsidiary | State of Incorporation |
|---|---|---|
| 22 | Iron Hill Brewery of Lehigh Valley, LLC | Pennsylvania |

# United States Bankruptcy Court
### District of New Jersey

In re   **Iron Hill Brewery of Perimeter, LLC**

Debtor(s)

Case No.

Chapter   **7**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **Iron Hill Brewery of Perimeter, LLC**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**Iron Hill Brewery, LLC
260 Eagleview Boulevard
Exton, PA 19341**

☐ None [*Check if applicable*]

**October  3, 2025**

Date

**/s/ Sean C. Southard**

**Sean C. Southard**

Signature of Attorney or Litigant

Counsel for   **Iron Hill Brewery of Perimeter, LLC**

**Klestadt Winters Jureller Southard & Stevens, LLP
200 West 41st Street
17th Floor
New York, NY 10036
(212) 972-3000 Fax:(212) 972-2245
ssouthard@klestadt.com**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

```
------------------------------------------------------------x
In re                                    :
                                         :          Chapter 7
IRON HILL BREWERY OF                     :
PERIMETER, LLC                           :
                                         :          Case No. 25-
                          Debtor.        :
------------------------------------------------------------x
```

**EXPLANATORY NOTES TO DEBTOR'S SCHEDULES OF**
**ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS**

**Introduction**

On October 3, 2025 (the "Petition Date"), Iron Hill Brewery, LLC, the above-captioned debtor and debtor-in-possession (the "Debtor") in the above-referenced chapter 7 case (the "Chapter 7 Case") filed a voluntary petition under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") commencing the Chapter 7 Case before the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court" or the "Court") [Docket No. 1]. The Debtor has filed its Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs (the "Statement") with the Bankruptcy Court. The Debtor, with the assistance of its legal advisors, prepared the Schedules and Statement in accordance with section 521 of the Bankruptcy Code.

Mr. Mark Kirke, CEO of the Debtor, has signed the Schedules and Statement. Mr. Kirke is an authorized signatory for the Debtor. In reviewing and signing the Schedules and Statement, Mr. Kirke has necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtor and the Debtor's legal advisors. Mr. Kirke has not (and could not have) personally verified the accuracy of each such statement and representation contained in the Schedules and Statement, including statements and representations concerning amounts owed to creditors, classification of such amounts, and respective creditor contact information.

In preparing the Schedules and Statement, the Debtor relied on financial data derived from its books and records that was available at the time of such preparation. Although the Debtor has made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statement, subsequent information or discovery may result in changes to the Schedules and Statement. For the avoidance of doubt, the Debtor hereby reserves all of its rights, including to amend and/or supplement the Schedules and Statement, as may be necessary or appropriate.

The Debtor does not guarantee or warrant the accuracy or completeness of the data that is provided herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtor and its attorneys expressly do not undertake any obligation to update, modify, revise, or re-categorize the

information provided herein or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law.

Disclosure of information in one or more Schedules, the Statement, or one or more exhibits or attachments to the Schedules or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statement, exhibits, or attachments.

These *Explanatory Notes to Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs* (these "Notes") pertain to, are incorporated by reference in, and comprise an integral part of the Debtor's Schedules and Statement. These Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statement. In the event that the Schedules and/or Statement differ from these Notes, the Notes are intended to control.

## Explanatory Notes

### 1. Reservation of Rights.

Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statement; however, as noted above, inadvertent errors or omissions may exist. The Debtor reserves all rights to amend and/or supplement the Schedules and Statement from time to time, including with respect to the description or designation of any claim ("Claim")[1] and the trustee appointed in this Chapter 7 Case (the "Trustee") may (i) dispute or otherwise assert offsets, setoffs, or other defenses to any Claim reflected in the Schedules and Statement as to amount, liability, priority, status, or classification; (ii) subsequently designate any Claim as "disputed," "contingent," or "unliquidated"; or (iii) object to the extent, validity, enforceability, priority, or avoidability of any Claim (regardless of whether of such Claim is designated in the Schedules and Statement as "disputed," "contingent," or "unliquidated"). Notwithstanding the foregoing, the Debtor shall not be required to update the Schedules and Statement.

(a) **No Admission.** Nothing contained in the Schedules and Statement is intended as, or should be construed as, an admission or stipulation of the validity of any Claim against the Debtor, any assertion made therein or herein, or a waiver of the Trustee's rights to dispute any Claim or assert any cause of action or defense against any party.

(b) **Recharacterization.** The Debtor has made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statement. Nevertheless, due to the complexity of the Debtor's business and the speed with which such information was compiled, the Debtor may not have accurately characterized, classified, categorized, or designated certain items and/or may have omitted certain items. Accordingly, the Trustee may seek to

---

[1] For the purposes of these Notes, the term Claim shall have the meaning as defined under section 101(5) of the Bankruptcy Code.

recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statement at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

(c) **Classifications.** Listing (i) a Claim on Schedule D as "secured," (ii) a Claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtor of the legal rights of the claimant or contract counterparty, or a waiver of rights to object to such claim, recharacterize or reclassify such Claim or contract or to setoff such Claims by the Trustee.

(d) **Estimates and Assumptions.** The preparation of the Schedules and Statement required the Debtor to make commercially reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities on the date of the Schedules and Statement, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from such estimates.

(e) **Causes of Action.** Despite reasonable efforts, the Debtor may not have identified and/or set forth all of its causes of action (filed or potential) against third parties as assets in their Schedules and Statement. All rights are reserved (for the Debtor and the Trustee) with respect to any causes of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law they may have (collectively, "Causes of Action"), and neither the Notes nor the Schedules and Statement shall be deemed a waiver of any such Claims, Causes of Action, or avoidance actions or in any way prejudice or impair the assertion of such Claims or Causes of Action.

(f) **Intellectual Property Rights.** Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

3

2.   **Methodology.**

(a)   **Basis of Presentation.**  Information contained in the Schedules and Statement has been derived from the Debtor's books and records and historical financial statements.  The Schedules and Statement have not, however, been subject to procedures that would typically be applied to financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP") and are not intended to reconcile fully with any financial statements of the Debtor prepared under GAAP.  The Schedules and Statement contain unaudited information that is subject to further review and potential adjustment.

(b)   **Confidential or Sensitive Information.**  There may be instances in which certain information in the Schedules and Statement intentionally has been redacted due to, among other things, the nature of an agreement between a Debtor and a third party, local restrictions on disclosure, concerns about the confidential nature of certain information, or concerns for the privacy of an individual (including minors).  The alterations will be limited to only what is necessary to protect the Debtor or applicable third party.  The Debtor may also be authorized or required to redact certain information from the public record pursuant to orders of the Court sealing or otherwise protecting such information from public disclosure, including the home addresses, email addresses and phone numbers of the Debtor's individual employees.

(c)   **Net Book Value.**  In certain instances, current market valuations for certain assets are neither maintained by, nor readily available to, the Debtor.  Accordingly, unless otherwise indicated, the Debtor's Schedules and Statement reflect net book values.  Market values may vary, sometimes materially, from net book values.  The Debtor believes that it would be an inefficient use of estate assets for the Debtor to obtain the current market values of its property.  Accordingly, the Debtor has indicated in the Schedules and Statement that the values of certain assets and liabilities are unknown.

(d)   **Allocation of Liabilities.**  The Debtor, in consultation with its advisors, has sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statement.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  The Debtor reserves the right to amend and/or supplement the Schedules and Statement as it deems appropriate in this regard.

(e)   **Unknown Amounts.**  The description of an amount as "unknown" is not intended to reflect upon the materiality of such amount.

(f)   **Unliquidated Claim Amounts.**  Claim amounts that could not be readily quantified by the Debtor are scheduled as "unliquidated."

**(g)**     **Totals**.  All totals that are included in the Schedules and Statement represent totals of all the known amounts included in the Schedules and Statement.  The asset information provided in the Schedules and Statement, except as otherwise noted, represents the asset data of the Debtor as of the close of business on October 3, 2025, and the liability information provided herein, except as otherwise noted, represents the liability data of the Debtor as of the close of business on October 3, 2025.  To the extent there are unknown or undetermined amounts, these will not be listed in the totals.

## Specific Disclosures with Respect to the Debtor's Schedules and Statement

**Schedule A/B**. All values set forth in Schedule A/B reflect the book value of the Debtor's assets as of the close of business on October 3, 2025, unless otherwise noted below.

**Schedule D**. The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included. All Claims listed on Schedule D, however, have been incurred before the Petition Date.

**Schedule E/F**.  Determining the date upon which each Claim on Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtor does not list a date for each Claim listed on Schedule E/F.  Furthermore, claims listed on Schedule E/F may have been aggregated by unique creditor name and remit to address and may include several dates of incurrence for the aggregate balance listed.

**Schedule G**. Certain information, such as the contact information of the counterparty, may not be included where such information could not be obtained through the Debtor's reasonable efforts. Listing or omitting a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is or is not an executory contract or unexpired lease in effect on the Petition Date or is valid or enforceable. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtor's reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In addition, the Debtor may have entered into various other types of agreements in the ordinary course of its business, such as subordination, nondisturbance, and attornment agreements, supplemental agreements, settlement agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such agreements may not be set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on the Schedule G.

**Fill in this information to identify the case:**

Debtor name    **Iron Hill Brewery of Perimeter, LLC**

United States Bankruptcy Court for the:    DISTRICT OF NEW JERSEY

Case number (if known)    _____

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■   *Schedule H: Codebtors* (Official Form 206H)
- ■   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐   Amended *Schedule* _____
- ☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐   Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **October 3, 2025**    *X* **/s/ Mark Kirke**
                               Signature of individual signing on behalf of debtor

                               **Mark Kirke**
                               Printed name

                               **Chief Executive Officer**
                               Position or relationship to debtor

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

**Fill in this information to identify the case:**

Debtor name    **Iron Hill Brewery of Perimeter, LLC**

United States Bankruptcy Court for the:    DISTRICT OF NEW JERSEY

Case number (if known) _____

☐ Check if this is an
    amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals     12/15

---

<strong>Part 1:</strong>    **Summary of Assets**

1.   ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

    1a. **Real property:**
      Copy line 88 from *Schedule A/B*..........................................................................................   $ _____ **0.00**

    1b. **Total personal property:**
      Copy line 91A from *Schedule A/B*........................................................................................   $ _____ **0.00**

    1c. **Total of all property:**
      Copy line 92 from *Schedule A/B*..........................................................................................   $ _____ **0.00**

---

<strong>Part 2:</strong>    **Summary of Liabilities**

2.   ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*....................   $   **17,250,191.28**

3.   ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
      Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................................   $   **23,374.02**

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
      Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*...............................   +$   **190,539.85**

4.   **Total liabilities** ...............................................................................................................
    Lines 2 + 3a + 3b     $   **17,464,105.15**

**Fill in this information to identify the case:**

Debtor name        **Iron Hill Brewery of Perimeter, LLC**

United States Bankruptcy Court for the:    DISTRICT OF NEW JERSEY

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
■ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

3.    **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | **BankUnited, NA** | **Checking Account** | **4110** | $0.00 |

4.    **Other cash equivalents** *(Identify all)*

5.    **Total of Part 1.**
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.    | $0.00 |

| Part 2: | Deposits and Prepayments |
|---|---|

6. **Does the debtor have any deposits or prepayments?**

■ No. Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
|---|---|

10. **Does the debtor have any accounts receivable?**

■ No. Go to Part 4.
☐ Yes Fill in the information below.

| Part 4: | Investments |
|---|---|

13. **Does the debtor own any investments?**

■ No. Go to Part 5.
☐ Yes Fill in the information below.

| Debtor | **Iron Hill Brewery of Perimeter, LLC** | Case number *(If known)* _____ |
|---|---|---|
| | Name | |

---

| Part 5: | **Inventory, excluding agriculture assets** |
|---|---|

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☐ No.  Go to Part 6.
■ Yes Fill in the information below.

| | General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|---|
| 19. | **Raw materials** | | | | |
| 20. | **Work in progress** | | | | |
| 21. | **Finished goods, including goods held for resale** | | | | |
| 22. | **Other inventory or supplies** wine bottles | | $525.00 | | Undetermined |
| | liquor bottles | | $1,437.00 | | Undetermined |
| | bottled beer | | $416.00 | | Undetermined |
| | canned beer | | $370.00 | | Undetermined |

| 23. | **Total of Part 5.** | | $0.00 |
|---|---|---|---|
| | Add lines 19 through 22.  Copy the total to line 84. | | |

**24. Is any of the property listed in Part 5 perishable?**
■ No
☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
■ No
☐ Yes. Book value _____ Valuation method _____ Current Value _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**
■ No
☐ Yes

| Part 6: | **Farming and fishing-related assets (other than titled motor vehicles and land)** |
|---|---|

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

| Part 7: | **Office furniture, fixtures, and equipment; and collectibles** |
|---|---|

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No.  Go to Part 8.
■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

Debtor __**Iron Hill Brewery of Perimeter, LLC**__    Case number *(If known)* _____
Name

39. **Office furniture**

40. **Office fixtures**

41. **Office equipment, including all computer equipment and communication systems equipment and software**

| Misc. brewery equipment | $337,726.00 | Undetermined |
|---|---|---|
| Misc. kitchen equipment | $428,225.00 | Undetermined |
| Misc. bar equipment | $45,040.00 | Undetermined |
| Misc. computer equipment | $74,477.00 | Undetermined |
| Misc. hi-tech equipment | $68,600.00 | Undetermined |

42. **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43. **Total of Part 7.**
Add lines 39 through 42.  Copy the total to line 86.

| $0.00 |
|---|

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
☑ No
☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☑ No
☐ Yes

**Part 8:    Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No.  Go to Part 9.
☐ Yes Fill in the information below.

**Part 9:    Real property**

54. **Does the debtor own or lease any real property?**

☐ No.  Go to Part 10.
☑ Yes Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

Debtor **Iron Hill Brewery of Perimeter, LLC**                    Case number *(If known)* _____
Name

| 55.1. | **1224 Hammond Drive, Suite 100 Dunwoody, GA 30346** | Leasehold | Undetermined | N/A | Undetermined |

| 56. | **Total of Part 9.** | | **$0.00** |

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.
Copy the total to line 88.

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
- ■ No
- ☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
- ■ No
- ☐ Yes

**Part 10:    Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

- ☐ No.  Go to Part 11.
- ■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | | | |
| 61. **Internet domain names and websites** | | | |
| 62. **Licenses, franchises, and royalties** **Beer and Liquor Licenses** | $0.00 | | $0.00 |
| 63. **Customer lists, mailing lists, or other compilations** | | | |
| 64. **Other intangibles, or intellectual property** | | | |
| 65. **Goodwill** | | | |

| 66. | **Total of Part 10.** | | **$0.00** |

Add lines 60 through 65. Copy the total to line 89.

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C.§§ 101(41A) and 107**?**
- ■ No
- ☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
- ■ No
- ☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
- ■ No
- ☐ Yes

**Part 11:    All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

Debtor    **Iron Hill Brewery of Perimeter, LLC**
          Name

Case number *(If known)* _____

■ No.  Go to Part 12.
☐ Yes Fill in the information below.

Debtor   **Iron Hill Brewery of Perimeter, LLC**                    Case number *(If known)* _____
         Name

---

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*...............................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $0.00 | + 91b. $0.00 |

92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92                    $0.00

| Fill in this information to identify the case: |
|---|

Debtor name    **Iron Hill Brewery of Perimeter, LLC**

United States Bankruptcy Court for the:    DISTRICT OF NEW JERSEY

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property     12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

    ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

    ☑ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
|---|---|

| 2. List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. | | Column A<br>Amount of claim<br><br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|

| 2.1 | **BankUnited, N.A.** | Describe debtor's property that is subject to a lien | **$17,250,191.28** | **Undetermined** |
|---|---|---|---|---|

| | Creditor's Name | **All assets and personal property of the debtor.** | | |

**14817 Oak Lane**
**Miami Lakes, FL 33016**

Creditor's mailing address

**Describe the lien**
**General UCC Lien Against Personal Property**

**Is the creditor an insider or related party?**
☑ No
☐ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**

**Last 4 digits of account number**

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

| 3. | Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any. | **$17,250,191.28** |
|---|---|---|

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **WESTERMAN BALL EDERER<br>MILLER ZUCKER & SHARFSTEIN, LLP<br>William C. Heuer and Todd M. Gardella<br>1201 RXR Plaza<br>Uniondale, NY 11556** | Line   **2.1** | |

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Iron Hill Brewery of Perimeter, LLC** |
| United States Bankruptcy Court for the: | DISTRICT OF NEW JERSEY |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.

   ☒ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | | Total claim | Priority amount |
|---|---|---|---|---|
| 2.1 | Priority creditor's name and mailing address<br>**Adrian Hernandez Irra**<br>**Address redacted** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$0.00** | **$0.00** |
| | Date or dates debt was incurred | Basis for the claim:<br>**Employee** | | |
| | Last 4 digits of account number | Is the claim subject to offset? | | |
| | Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (4) | ☒ No<br>☐ Yes | | |
| 2.2 | Priority creditor's name and mailing address<br>**Angel T. McClary**<br>**Address redacted** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$0.00** | **$0.00** |
| | Date or dates debt was incurred | Basis for the claim:<br>**Employee** | | |
| | Last 4 digits of account number | Is the claim subject to offset? | | |
| | Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (4) | ☒ No<br>☐ Yes | | |

| Debtor | **Iron Hill Brewery of Perimeter, LLC** | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| 2.3 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $0.00 | $0.00 |
|---|---|---|---|---|

**Brian Daniel Harris**
**Address redacted**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**Employee**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)

Is the claim subject to offset?
■ No
☐ Yes

---

| 2.4 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $0.00 | $0.00 |
|---|---|---|---|---|

**Bryan Santos Urbano**
**Address redacted**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**Employee**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)

Is the claim subject to offset?
■ No
☐ Yes

---

| 2.5 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $0.00 | $0.00 |
|---|---|---|---|---|

**Cazz Lynn**
**Address redacted**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**Employee**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)

Is the claim subject to offset?
■ No
☐ Yes

---

| 2.6 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $0.00 | $0.00 |
|---|---|---|---|---|

**Dominick Jacques Netherland**
**Address redacted**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**Employee**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)

Is the claim subject to offset?
■ No
☐ Yes

| Debtor | **Iron Hill Brewery of Perimeter, LLC** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

---

| 2.7 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $0.00 | $0.00 |

**Franki Rose Augello**
**Address redacted**

Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**Employee**

Last 4 digits of account number

Is the claim subject to offset?

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)

■ No
☐ Yes

---

| 2.8 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $0.00 | $0.00 |

**Georgia Department of Labor**
**148 Andrew Young Int'l Blvd NE**
**Suite 826**
**Atlanta, GA 30303-1751**

Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:

Last 4 digits of account number

Is the claim subject to offset?

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

■ No
☐ Yes

---

| 2.9 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $23,374.02 | $23,374.02 |

**Georgia Department of Revenue**
**Compliance Division - Central**
**Collection**
**2595 Century Pkwy NE, Suite 331**
**Atlanta, GA 30345-3173**

Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**June 2025 - September 2025 Sales Tax**

Last 4 digits of account number

Is the claim subject to offset?

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

■ No
☐ Yes

---

| 2.10 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $0.00 | $0.00 |

**Glenn Anthony Harris**
**Address redacted**

Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**Employee**

Last 4 digits of account number

Is the claim subject to offset?

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)

■ No
☐ Yes

---

| Debtor | **Iron Hill Brewery of Perimeter, LLC** | Case number (if known) | |
|--------|------------------------------------------|-------------------------|--|
| | Name | | |

---

**2.11** | Priority creditor's name and mailing address

**Internal Revenue Service**
**Centralized Insolvency Operations**
**P.O. Box 7346**
**Philadelphia, PA 19101-7346**

As of the petition filing date, the claim is:    **$0.00**    **$0.00**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

Is the claim subject to offset?
■ No
☐ Yes

---

**2.12** | Priority creditor's name and mailing address

**Joshua Aaron Clark**
**Address redacted**

As of the petition filing date, the claim is:    **$0.00**    **$0.00**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**Employee**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)

Is the claim subject to offset?
■ No
☐ Yes

---

**2.13** | Priority creditor's name and mailing address

**Justin Pearson**
**Address redacted**

As of the petition filing date, the claim is:    **$0.00**    **$0.00**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**Employee**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)

Is the claim subject to offset?
■ No
☐ Yes

---

**2.14** | Priority creditor's name and mailing address

**Kaitlin Nakincheng**
**Address redacted**

As of the petition filing date, the claim is:    **$0.00**    **$0.00**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**Employee**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)

Is the claim subject to offset?
■ No
☐ Yes

---

| Debtor | **Iron Hill Brewery of Perimeter, LLC** | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| 2.15 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $0.00 | $0.00 |
|---|---|---|---|---|

**Karen Cruz-Dominguez**
**Address redacted**

*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**Employee**

Last 4 digits of account number

Is the claim subject to offset?
Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)
■ No
☐ Yes

---

| 2.16 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $0.00 | $0.00 |
|---|---|---|---|---|

**Kya Eve Rittenhouse**
**Address redacted**

*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**Employee**

Last 4 digits of account number

Is the claim subject to offset?
Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)
■ No
☐ Yes

---

| 2.17 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $0.00 | $0.00 |
|---|---|---|---|---|

**Markitus Crawford**
**Address redacted**

*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**Employee**

Last 4 digits of account number

Is the claim subject to offset?
Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)
■ No
☐ Yes

---

| 2.18 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $0.00 | $0.00 |
|---|---|---|---|---|

**Marquis Carrier**
**Address redacted**

*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**Employee**

Last 4 digits of account number

Is the claim subject to offset?
Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)
■ No
☐ Yes

| Debtor | **Iron Hill Brewery of Perimeter, LLC** | Case number (if known) | |
|--------|------------------------------------------|--------------------------|--|
| | Name | | |

---

| 2.19 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $0.00 | $0.00 |
|------|----------------------------------------------|-----------------------------------------------|-------|-------|

**Megan Bartholomew**
**Address redacted**

*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**Employee**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)

Is the claim subject to offset?
- ■ No
- ☐ Yes

---

| 2.20 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $0.00 | $0.00 |
|------|----------------------------------------------|-----------------------------------------------|-------|-------|

**Micah Maxie**
**Address redacted**

*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**Employee**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)

Is the claim subject to offset?
- ■ No
- ☐ Yes

---

| 2.21 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $0.00 | $0.00 |
|------|----------------------------------------------|-----------------------------------------------|-------|-------|

**Monica Ramon**
**Address redacted**

*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**Employee**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)

Is the claim subject to offset?
- ■ No
- ☐ Yes

---

| 2.22 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $0.00 | $0.00 |
|------|----------------------------------------------|-----------------------------------------------|-------|-------|

**Nicolas Cuevas**
**Address redacted**

*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**Employee**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)

Is the claim subject to offset?
- ■ No
- ☐ Yes

---

| Debtor | **Iron Hill Brewery of Perimeter, LLC** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 2.23 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $0.00 | $0.00 |
|---|---|---|---|---|

| 2.23 | Priority creditor's name and mailing address<br>**Pharron Carlos Banks**<br>**Address redacted** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $0.00 | $0.00 |
|---|---|---|---|---|
| | Date or dates debt was incurred | Basis for the claim:<br>**Employee** | | |
| | Last 4 digits of account number<br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (4) | Is the claim subject to offset?<br>■ No<br>☐ Yes | | |

| 2.24 | Priority creditor's name and mailing address<br>**Sarah Veronica Chase**<br>**Address redacted** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $0.00 | $0.00 |
|---|---|---|---|---|
| | Date or dates debt was incurred | Basis for the claim:<br>**Employee** | | |
| | Last 4 digits of account number<br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (4) | Is the claim subject to offset?<br>■ No<br>☐ Yes | | |

| 2.25 | Priority creditor's name and mailing address<br>**Trevor De Castro James**<br>**Address redacted** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $0.00 | $0.00 |
|---|---|---|---|---|
| | Date or dates debt was incurred | Basis for the claim:<br>**Employee** | | |
| | Last 4 digits of account number<br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (4) | Is the claim subject to offset?<br>■ No<br>☐ Yes | | |

| 2.26 | Priority creditor's name and mailing address<br>**Yazmin G. Moran**<br>**Address redacted** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $0.00 | $0.00 |
|---|---|---|---|---|
| | Date or dates debt was incurred | Basis for the claim:<br>**Employee** | | |
| | Last 4 digits of account number<br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (4) | Is the claim subject to offset?<br>■ No<br>☐ Yes | | |

| Debtor | **Iron Hill Brewery of Perimeter, LLC** | Case number (if known) |
|---|---|---|
| | Name | |

| 2.27 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $0.00 | $0.00 |
|---|---|---|---|---|

**Zak Laverdiere**
**Address redacted**

*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**Employee**

Last 4 digits of account number

Is the claim subject to offset?

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)

■ No
☐ Yes

---

**Part 2:** List All Creditors with NONPRIORITY Unsecured Claims

**3.** List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|

| 3.1 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check that all apply.* | $774.25 |
|---|---|---|---|

**Addilan Group**
**2930 Felton Road**
**Norristown, PA 19401**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **R&M**

Last 4 digits of account number __

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.2 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check that all apply.* | $512.00 |
|---|---|---|---|

**Advanced Hospitality Systems**
**110 Kresson Gibbsboro Road**
**Suite 6**
**Voorhees, NJ 08043-9507**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **Admin-Other**

Last 4 digits of account number __

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.3 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check that all apply.* | $612.00 |
|---|---|---|---|

**Bevchek, Inc.**
**16990 Dallas Parkway**
**Unit 103**
**Dallas, TX 75248**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **Brewery**

Last 4 digits of account number __

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.4 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check that all apply.* | $468.45 |
|---|---|---|---|

**Cozzini Bros, Inc.**
**8430 W. Bryn Mawr**
**Suite 800**
**Chicago, IL 60631**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **R&M**

Last 4 digits of account number __

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.5 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check that all apply.* | $499.00 |
|---|---|---|---|

**CT Corporation**
**P.O. Box 4349**
**Carol Stream, IL 60197-4349**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **Govt-Taxes-Lic**

Last 4 digits of account number __

Is the claim subject to offset? ■ No  ☐ Yes

---

| Debtor | **Iron Hill Brewery of Perimeter, LLC** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

---

**3.6** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$88.85**

**CTS**
**13839 Collection Center Drive**
**Chicago, IL 60693**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **R&M**

Last 4 digits of account number __

Is the claim subject to offset? ■ No  ☐ Yes

---

**3.7** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$2,500.00**

**Dunwoody False Alarm Reduction Program**
**P.O. Box 936089**
**Atlanta, GA 31193-6089**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **Govt-Taxes-Lic**

Last 4 digits of account number __

Is the claim subject to offset? ■ No  ☐ Yes

---

**3.8** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$4,804.17**

**Ecolab Inc**
**P.O. Box 32027**
**New York, NY 10087-2027**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **Restaurant Supplies**

Last 4 digits of account number __

Is the claim subject to offset? ■ No  ☐ Yes

---

**3.9** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$997.01**

**Globaltranz Enterprises LLC**
**P.O. Box 736808**
**Dallas, TX 75373-6809**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **Admin-Other**

Last 4 digits of account number __

Is the claim subject to offset? ■ No  ☐ Yes

---

**3.10** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$14,352.31**

**Gordon Food Services**
**P.O. Box 2244**
**Grand Rapids, MI 49501**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **Primary-COGS**

Last 4 digits of account number __

Is the claim subject to offset? ■ No  ☐ Yes

---

**3.11** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$137,404.02**

**GPT Prop**
**c/o The RMR Group LLC, Dept No. 1600**
**P.O. Box 538610**
**Atlanta, GA 30353-8610**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **Rents**

Last 4 digits of account number __

Is the claim subject to offset? ■ No  ☐ Yes

---

**3.12** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$1,359.37**

**Inland Seafood**
**P.O. Box 639740**
**Cincinnati, OH 45263**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **Primary-COGS**

Last 4 digits of account number __

Is the claim subject to offset? ■ No  ☐ Yes

---

| Debtor | **Iron Hill Brewery of Perimeter, LLC** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

---

| 3.13 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $563.14 |
|---|---|---|---|

**Katz Americas**
**3685 Lockport Road**
**Sanborn, NY 14132**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Last 4 digits of account number __

Basis for the claim:  **Restaurant Supplies**

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.14 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $230.00 |
|---|---|---|---|

**Lamont Coffee & Tea Co**
**1139 Phoenixville Pike**
**West Chester, PA 19380**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Last 4 digits of account number __

Basis for the claim:  **Primary-COGS**

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.15 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $3,065.00 |
|---|---|---|---|

**Maxair Mechanical, LLC**
**814 Livingston Court**
**Marietta, GA 30067**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Last 4 digits of account number __

Basis for the claim:  **R&M**

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.16 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $266.50 |
|---|---|---|---|

**MFPS**
**1000 Potato Roll Lane**
**Chambersburg, PA 17202**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Last 4 digits of account number __

Basis for the claim:  **Primary-COGS**

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.17 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $2,000.00 |
|---|---|---|---|

**Nelbud Services**
**51 Koweba Lane**
**Indianapolis, IN 46201**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Last 4 digits of account number __

Basis for the claim:  **R&M**

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.18 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $863.17 |
|---|---|---|---|

**Oilmatic of Georgia, LLC**
**2030 Airport Industrial Park Drive**
**Marietta, GA 30068**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Last 4 digits of account number __

Basis for the claim:  **Primary-COGS**

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.19 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $185.00 |
|---|---|---|---|

**Orkin-National Accounts**
**P.O. Box 638898**
**Cincinnati, OH 45263-8898**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Last 4 digits of account number __

Basis for the claim:  **R&M**

Is the claim subject to offset? ■ No  ☐ Yes

---

| Debtor | **Iron Hill Brewery of Perimeter, LLC** | Case number (if known) |
|---|---|---|
| | Name | |

---

| 3.20 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $612.00 |
|---|---|---|---|

**Paycor, Inc**
**4811 Montgomery Road**
**Cincinnati, OH 45212**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  __Payroll vendor__

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.21 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $312.80 |
|---|---|---|---|

**Precision Color Graphics**
**1401 Todds Lane**
**Wilmington, DE 19802**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  __Marketing / Advertising__

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.22 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $347.31 |
|---|---|---|---|

**Pye Barker Fire & Safety**
**P.O. Box 735358**
**Dallas, TX 75373-5358**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  __R&M__

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.23 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $742.32 |
|---|---|---|---|

**Rael National LLC-Fire protection**
**1750 Plaza Avenue**
**New Hyde Park, NY 11040**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  __R&M__

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.24 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $346.68 |
|---|---|---|---|

**RC Fine Foods**
**P.O. Box 236**
**Belle Mead, NJ 08502**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  __Primary-COGS__

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.25 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $1,126.93 |
|---|---|---|---|

**Roberts Oxygen Co**
**P.O. Box 5507**
**Rockville, MD 20855**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  __Brewery__

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.26 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $5,724.13 |
|---|---|---|---|

**Royal Food Service**
**P.O. Box 162389**
**Atlanta, GA 30321**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  __Primary-COGS__

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

Debtor  **Iron Hill Brewery of Perimeter, LLC**                         Case number (if known) _____
         Name

| | | |
|---|---|---|
| 3.27 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$398.29** |

**Schneider National Carriers, Inc**
**P.O. Box 2545**
**Green Bay, WI 54306-2545**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred ___

Basis for the claim:  **Admin-Other**

Last 4 digits of account number ___

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.28 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$4,121.64** |

**Singer Equipment**
**150 S Twin Valley Road**
**Elverson, PA 19520**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred ___

Basis for the claim:  **Restaurant Supplies**

Last 4 digits of account number ___

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.29 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$1,385.00** |

**TSC Innovations**
**2860 Ogletown Road**
**Building 5, Unit 2**
**Newark, DE 19713**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred ___

Basis for the claim:  **R&M**

Last 4 digits of account number ___

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.30 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$0.00** |

**Twelve24 Office, LLC**
**3550 Lenox Road, Suite 2200**
**Atlanta, GA 30326**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred ___

Basis for the claim:  **Rent**

Last 4 digits of account number ___

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.31 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$3,878.51** |

**Vestis-Aramark**
**P.O. Box 731676**
**Dallas, TX 75373-1676**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred ___

Basis for the claim:  **Restaurant Supplies**

Last 4 digits of account number ___

Is the claim subject to offset? ■ No  ☐ Yes

---

**Part 3:**  **List Others to Be Notified About Unsecured Claims**

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | **Gordon Food Service, Inc.**<br>**Attn: Director of U.S. Nat'l Sales**<br>**1300 Gezon Parkway, S.W.**<br>**Wyoming, MI 49509** | Line  **3.10**<br><br>☐ Not listed. Explain ____ | _ |
| 4.2 | **Gordon Food Service, Inc.**<br>**Attn: General Counsel**<br>**1300 Gezon Parkway, S.W.**<br>**Wyoming, MI 49509** | Line  **3.10**<br><br>☐ Not listed. Explain ____ | _ |

| Debtor | Iron Hill Brewery of Perimeter, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.3 | **Paycor, Inc.**<br>**PO Box 639860**<br>**Cincinnati, OH 45263-9860** | Line **3.20**<br><br>☐  Not listed. Explain ____ | _ |

---

**Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims**

**5.  Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ | 23,374.02 |
| 5b. Total claims from Part 2 | 5b. + | $ | 190,539.85 |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. | $ | 213,913.87 |

**Fill in this information to identify the case:**

Debtor name __**Iron Hill Brewery of Perimeter, LLC**__

United States Bankruptcy Court for the: __DISTRICT OF NEW JERSEY__

Case number (if known) _____

☐ Check if this is an
amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases          12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
   ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal    Property*
   (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.1.**  State what the contract or lease is for and the nature of the debtor's interest | **Lease Agreement dated November 1, 2019, as amended on March 1, 2023, for the Premises Located at 1224 Hammond Drive, Suite 100, Dunwoody, Georgia** |
| State the term remaining | |
| List the contract number of any government contract _____ | **Twelve24 Office, LLC 3550 Lenox Road, Suite 2200 Atlanta, GA 30326** |

**Fill in this information to identify the case:**

Debtor name __**Iron Hill Brewery of Perimeter, LLC**__

United States Bankruptcy Court for the: __DISTRICT OF NEW JERSEY__

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 206H
## Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the
Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of
creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule
on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 **C&D Brewing Company of Ardmore, LLC** | **60 Greenfield Avenue Ardmore, PA 19003** | **BankUnited, N.A.** | ■ D __2.1__<br>☐ E/F _____<br>☐ G _____ |
| 2.2 **C&D Brewing Company of Chestnut Hill** | **8400 Germantown Ave., Ste. 2A Philadelphia, PA 19118** | **BankUnited, N.A.** | ■ D __2.1__<br>☐ E/F _____<br>☐ G _____ |
| 2.3 **C&D Brewing Company of Huntingdon Valley** | **785 Huntington Pike Huntingdon Valley, PA 19006** | **BankUnited, N.A.** | ■ D __2.1__<br>☐ E/F _____<br>☐ G _____ |
| 2.4 **C&D Brewing Company of Lancaster, LLC** | **781 Harrisburg Pike Lancaster, PA 17603** | **BankUnited, N.A.** | ■ D __2.1__<br>☐ E/F _____<br>☐ G _____ |
| 2.5 **C&D Brewing Company of Marlton, LLC** | **124 E. Kings Highway, Suite 300 Maple Shade, NJ 08052** | **BankUnited, N.A.** | ■ D __2.1__<br>☐ E/F _____<br>☐ G _____ |

| Debtor | **Iron Hill Brewery of Perimeter, LLC** | Case number *(if known)* | |
|---|---|---|---|

███ **Additional Page to List More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| 2.6 | **C&D Brewing Company of Media, LLC** | 30 E. State Street<br>Media, PA 19063 | BankUnited, N.A. | ■ D  __2.1__<br>☐ E/F _____<br>☐ G _____ |
| 2.7 | **C&D Brewing Company of Montgomeryville** | 14600 Bethlehem Pike, Suite 100<br>North Wales, PA 19454 | BankUnited, N.A. | ■ D  __2.1__<br>☐ E/F _____<br>☐ G _____ |
| 2.8 | **C&D Brewing Company of Pennsylvania, LLC** | 3 W. Gay Street<br>West Chester, PA 19380 | BankUnited, N.A. | ■ D  __2.1__<br>☐ E/F _____<br>☐ G _____ |
| 2.9 | **C&D Brewing Company of Phoenixville, LLC** | 130 E. Bridge Street<br>Phoenixville, PA 19460 | BankUnited, N.A. | ■ D  __2.1__<br>☐ E/F _____<br>☐ G _____ |
| 2.10 | **C&D Brewing Company of Voorhees, LLC** | 13107 Town Center Blvd.<br>Voorhees, NJ 08043 | BankUnited, N.A. | ■ D  __2.1__<br>☐ E/F _____<br>☐ G _____ |
| 2.11 | **C&D Brewing Company of Wilmington, LLC** | 620 Juriston Street<br>Wilmington, DE 19801 | BankUnited, N.A. | ■ D  __2.1__<br>☐ E/F _____<br>☐ G _____ |
| 2.12 | **Chesapeake & Delaware Brewing Company** | 147 E. Main Street<br>Newark, DE 19711 | BankUnited, N.A. | ■ D  __2.1__<br>☐ E/F _____<br>☐ G _____ |
| 2.13 | **Iron Hill Brewery East Market, LLC** | 1150 Market Street<br>Philadelphia, PA 19107 | BankUnited, N.A. | ■ D  __2.1__<br>☐ E/F _____<br>☐ G _____ |

| Debtor | **Iron Hill Brewery of Perimeter, LLC** | Case number *(if known)* | |

**Additional Page to List More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| 2.14 **Iron Hill Brewery of Buckhead, LLC** | 3535 Peachtree Rd NE<br>Atlanta, GA 30326 | **BankUnited, N.A.** | ■ D  **2.1**<br>☐ E/F _____<br>☐ G _____ |
| 2.15 **Iron Hill Brewery of Columbia, LLC** | 945 Sabal Street<br>Columbia, SC 29201 | **BankUnited, N.A.** | ■ D  **2.1**<br>☐ E/F _____<br>☐ G _____ |
| 2.16 **Iron Hill Brewery of Eagleview, LLC** | 260 Eagleview Blvd.<br>Exton, PA 19341 | **BankUnited, N.A.** | ■ D  **2.1**<br>☐ E/F _____<br>☐ G _____ |
| 2.17 **Iron Hill Brewery of Hershey, LLC** | 101 West Chocolate Ave., Ste. 112<br>Hershey, PA 17033 | **BankUnited, N.A.** | ■ D  **2.1**<br>☐ E/F _____<br>☐ G _____ |
| 2.18 **Iron Hill Brewery of Lehigh Valley, LLC** | 950 Lehigh Lifestyle Center<br>Whitehall, PA 18052 | **BankUnited, N.A.** | ■ D  **2.1**<br>☐ E/F _____<br>☐ G _____ |
| 2.19 **Iron Hill Brewery of Newtown, LLC** | 2920 S. Eagle Road<br>Newtown, PA 18940 | **BankUnited, N.A.** | ■ D  **2.1**<br>☐ E/F _____<br>☐ G _____ |
| 2.20 **Iron Hill Brewery of Rehoboth Beach, LLC** | 19815 Coastal Highway<br>Rehoboth Beach, DE 19971 | **BankUnited, N.A.** | ■ D  **2.1**<br>☐ E/F _____<br>☐ G _____ |
| 2.21 **Iron Hill Brewery of South Carolina, LLC** | 741 Haywood Road<br>Greenville, SC 29607 | **BankUnited, N.A.** | ■ D  **2.1**<br>☐ E/F _____<br>☐ G _____ |

| Debtor | **Iron Hill Brewery of Perimeter, LLC** | Case number *(if known)* | _____ |
|---|---|---|---|

| �as | **Additional Page to List More Codebtors** |
|---|---|

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| *Column 1:* **Codebtor** | | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| 2.22 | **Iron Hill Brewery, LLC** | **260 Eagleview Boulevard Exton, PA 19341** | **BankUnited, N.A.** | ■ D __2.1__<br>☐ E/F _____<br>☐ G _____ |
| 2.23 | **Iron Hill Brewery, LLC** | **260 Eagleview Boulevard Exton, PA 19341** | **Twelve24 Office, LLC** | ☐ D _____<br>■ E/F __3.30__<br>☐ G _____ |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **Iron Hill Brewery of Perimeter, LLC** |
| United States Bankruptcy Court for the: | DISTRICT OF NEW JERSEY |
| Case number (if known) | |

☐ Check if this is an
amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy          04/25

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:      Income**

1.  **Gross revenue from business**

☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From  **1/01/2025** to **Filing Date** | ■ Operating a business<br>☐ Other _____ | **$676,607.00** |
| **For prior year:**<br>From  **1/01/2024** to **12/31/2024** | ■ Operating a business<br>☐ Other _____ | **$1,046,114.00** |
| **For year before that:**<br>From  **1/01/2023** to **12/31/2023** | ■ Operating a business<br>☐ Other _____ | **$1,668,098.00** |

2.  **Non-business revenue**
Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From  **1/01/2025** to **Filing Date** | **Misc. Other Income** | **$3,213.00** |
| **For prior year:**<br>From  **1/01/2024** to **12/31/2024** | **Misc. Other Income** | **$3,590.00** |
| **For year before that:**<br>From  **1/01/2023** to **12/31/2023** | **Misc. Other Income** | **$577.00** |

**Part 2:      List Certain Transfers Made Before Filing for Bankruptcy**

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com

| Debtor | **Iron Hill Brewery of Perimeter, LLC** | Case number *(if known)* | |

3. **Certain payments or transfers to creditors within 90 days before filing this case**
List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

■ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer
*Check all that apply* |
| --- | --- | --- | --- |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

■ None.

| Insider's name and address
Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
| --- | --- | --- | --- |

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
| --- | --- | --- | --- |

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
| --- | --- | --- | --- |

**Part 3:   Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case**.**

■ None.

| Case title
Case number | Nature of case | Court or agency's name and address | Status of case |
| --- | --- | --- | --- |

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

**Part 4:   Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Debtor | **Iron Hill Brewery of Perimeter, LLC** | | Case number *(if known)* | |
|---|---|---|---|---|

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

---

**Part 5:**   **Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Dates of loss | Value of property lost |
|---|---|---|---|

---

**Part 6:**   **Certain Payments or Transfers**

11. **Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

■ None.

| Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|

12. **Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer?<br>Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

---

**Part 7:**   **Previous Locations**

14. **Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

---

**Part 8:**   **Health Care Bankruptcies**

15. **Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

---

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com

| Debtor | **Iron Hill Brewery of Perimeter, LLC** | Case number *(if known)* | |

- ■ No. Go to Part 9.
- ☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If  debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

## Part 9:   Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

- ■ No.
- ☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

- ☐ No. Go to Part 10.
- ■ Yes. Does the debtor serve as plan administrator?

    - ■ No Go to Part 10.
    - ☐ Yes. Fill in below:

## Part 10:   Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

- ■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

- ■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

- ■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|

## Part 11:   Property the Debtor Holds or Controls That the Debtor Does Not Own

| Debtor | **Iron Hill Brewery of Perimeter, LLC** | Case number *(if known)* |
|---|---|---|

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

---

**Part 12:    Details About Environment Information**

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

■ No.
☐ Yes. Provide details below.

| Case title
Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number
Do not include Social Security number or ITIN.

Dates business existed |
|---|---|---|

**26. Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
☐ None

| Name and address | Date of service
From-To |
|---|---|

---

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com

Debtor    **Iron Hill Brewery of Perimeter, LLC**                                    Case number *(if known)* _____

| Name and address | | Date of service From-To |
|---|---|---|
| 26a.1. | **Dena Patel-Goldsbourough**<br>**Address Redacted** | **Former Controller**<br>**January 31, 2024 to**<br>**August 19, 2025** |
| 26a.2. | **John Groomes**<br>**Address Redacted** | **Former Controller**<br>**September 9, 2021**<br>**to January 19, 2024** |
| 26a.3. | **Julia Spayd**<br>**Address Redacted** | **Former AP Clerk**<br>**November 1, 2022 to**<br>**November 21, 2024** |
| 26a.4. | **Eric Frederick**<br>**Address Redacted** | **Former CFO**<br>**May 8, 2024 to**<br>**March 31, 2025** |
| 26a.5. | **Jim Roberts**<br>**Address Redacted** | **Former CFO**<br>**September 18, 2023**<br>**to May 10, 2024** |
| 26a.6. | **Neil Salmon**<br>**Address Redacted** | **Former CFO**<br>**September 18, 2014**<br>**to October 13, 2023** |
| 26a.7. | **Patrick Harkleroad**<br>**Address Redacted** | **CFO**<br>**May 19, 2025 to**<br>**present** |
| 26a.8. | **Amy Virelli**<br>**Address Redacted** | **Senior Accountant**<br>**February 8, 2022 to**<br>**present** |
| 26a.9. | **Jaclyn Vincenzini**<br>**Address Redacted** | **Staff Accountant**<br>**February 2025 to**<br>**present** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Date of service From-To |
|---|---|
| 26b.1. | **CohnReznick**<br>**1301 Avenue of the Americas**<br>**10th Floor**<br>**Yalena Belaks and Joyce Nelson**<br>**New York, NY 10019-6032** | **2023 to present** |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. | **CohnReznick LLP**<br>**1301 Avenue of the Americas**<br>**10th Floor**<br>**Yalena Belaks and Joyce Nelson**<br>**New York, NY 10019** | |

| Debtor | **Iron Hill Brewery of Perimeter, LLC** | Case number *(if known)* | |

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2. **Patrick Harkleroad**<br>**Address Redacted** | |
| 26c.3. **Amy Virelli**<br>**Address Redacted** | |
| 26c.4. **Jaclyn Vincenzini**<br>**Address Redacted** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1. **BankUnited, N.A.**<br>**14817 Oak Lane**<br>**Miami Lakes, FL 33016** |
| 26d.2. **Wilmington Savings Fund Society, FSB**<br>**500 Delaware Avenue**<br>**Wilmington, DE 19801** |

27. **Inventories**
    Have any inventories of the debtor's property been taken within 2 years before filing this case?

    ■ No
    ☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Iron Hill Brewery, LLC** | **260 Eagleview Boulevard**<br>**Exton, PA 19341** | **Sole Member** | **100%** |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Kevin Finn** | **Address Redacted** | **Manager of Administrative Operations** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Kevin Davies** | **Address Redacted** | **Manager of Restaurant Operations** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Mark Edelson** | **Address Redacted** | **Manager of Brewing Operations** | |

29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

| Debtor | **Iron Hill Brewery of Perimeter, LLC** | Case number *(if known)* | |

■ No

☐ Yes. Identify below.

**30. Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☒ No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☒ No

☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|

**Part 14:   Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     **October  3, 2025**

**/s/ Mark Kirke**                                                       **Mark Kirke**
Signature of individual signing on behalf of the debtor         Printed name

Position or relationship to debtor     **Chief Executive Officer**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☒ No

☐ Yes

**United States Bankruptcy Court**
**District of New Jersey**

In re   **Iron Hill Brewery of Perimeter, LLC**                                    Case No.

_____
Debtor(s)                          Chapter    **7**

# VERIFICATION OF CREDITOR MATRIX

I, the Chief Executive Officer of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:   **October  3, 2025**                          **/s/ Mark Kirke**
                                                                **Mark Kirke**/**Chief Executive Officer**
                                                                Signer/Title

Addilan Group
2930 Felton Road
Norristown, PA 19401


Adrian Hernandez Irra
Address redacted


Advanced Hospitality Systems
110 Kresson Gibbsboro Road
Suite 6
Voorhees, NJ 08043-9507


Alcohol and Tobacco Tax and Trade Bureau
Excise Tax
P.O. Box 790353
Saint Louis, MO 63179-0353


Angel T. McClary
Address redacted


BankUnited, N.A.
14817 Oak Lane
Miami Lakes, FL 33016


Bevchek, Inc.
16990 Dallas Parkway
Unit 103
Dallas, TX 75248


Brian Daniel Harris
Address redacted


Bryan Santos Urbano
Address redacted


C&D Brewing Company of Ardmore, LLC
60 Greenfield Avenue
Ardmore, PA 19003


C&D Brewing Company of Chestnut Hill
8400 Germantown Ave., Ste. 2A
Philadelphia, PA 19118

C&D Brewing Company of Huntingdon Valley
785 Huntington Pike
Huntingdon Valley, PA 19006


C&D Brewing Company of Lancaster, LLC
781 Harrisburg Pike
Lancaster, PA 17603


C&D Brewing Company of Marlton, LLC
124 E. Kings Highway, Suite 300
Maple Shade, NJ 08052


C&D Brewing Company of Media, LLC
30 E. State Street
Media, PA 19063


C&D Brewing Company of Montgomeryville
14600 Bethlehem Pike, Suite 100
North Wales, PA 19454


C&D Brewing Company of Pennsylvania, LLC
3 W. Gay Street
West Chester, PA 19380


C&D Brewing Company of Phoenixville, LLC
130 E. Bridge Street
Phoenixville, PA 19460


C&D Brewing Company of Voorhees, LLC
13107 Town Center Blvd.
Voorhees, NJ 08043


C&D Brewing Company of Wilmington, LLC
620 Juriston Street
Wilmington, DE 19801


Cazz Lynn
Address redacted


Chesapeake & Delaware Brewing Company
147 E. Main Street
Newark, DE 19711

Cozzini Bros, Inc.
8430 W. Bryn Mawr
Suite 800
Chicago, IL 60631


CT Corporation
P.O. Box 4349
Carol Stream, IL 60197-4349


CTS
13839 Collection Center Drive
Chicago, IL 60693


Department of Revenue
2595 Century Parkway, NE
Atlanta, GA 30345-3173


Dominick Jacques Netherland
Address redacted


Dunwoody False Alarm Reduction Program
P.O. Box 936089
Atlanta, GA 31193-6089


Ecolab Inc
P.O. Box 32027
New York, NY 10087-2027


Franki Rose Augello
Address redacted


Georgia Department of Labor
148 Andrew Young Int'l Blvd NE
Suite 826
Atlanta, GA 30303-1751


Georgia Department of Revenue
Compliance Division - Central Collection
2595 Century Pkwy NE, Suite 331
Atlanta, GA 30345-3173

Georgia Department of Revenue
Bankruptcy
2595 Century Parkway NE
Suite 339
Atlanta, GA 30345


Glenn Anthony Harris
Address redacted


Globaltranz Enterprises LLC
P.O. Box 736808
Dallas, TX 75373-6809


Gordon Food Service, Inc.
Attn: Director of U.S. Nat'l Sales
1300 Gezon Parkway, S.W.
Wyoming, MI 49509


Gordon Food Service, Inc.
Attn: General Counsel
1300 Gezon Parkway, S.W.
Wyoming, MI 49509


Gordon Food Services
P.O. Box 2244
Grand Rapids, MI 49501


GPT Prop
c/o The RMR Group LLC, Dept No. 1600
P.O. Box 538610
Atlanta, GA 30353-8610


Inland Seafood
P.O. Box 639740
Cincinnati, OH 45263


Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346


Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101

Iron Hill Brewery East Market, LLC
1150 Market Street
Philadelphia, PA 19107


Iron Hill Brewery of Buckhead, LLC
3535 Peachtree Rd NE
Atlanta, GA 30326


Iron Hill Brewery of Columbia, LLC
945 Sabal Street
Columbia, SC 29201


Iron Hill Brewery of Eagleview, LLC
260 Eagleview Blvd.
Exton, PA 19341


Iron Hill Brewery of Hershey, LLC
101 West Chocolate Ave., Ste. 112
Hershey, PA 17033


Iron Hill Brewery of Lehigh Valley, LLC
950 Lehigh Lifestyle Center
Whitehall, PA 18052


Iron Hill Brewery of Newtown, LLC
2920 S. Eagle Road
Newtown, PA 18940


Iron Hill Brewery of Rehoboth Beach, LLC
19815 Coastal Highway
Rehoboth Beach, DE 19971


Iron Hill Brewery of South Carolina, LLC
741 Haywood Road
Greenville, SC 29607


Iron Hill Brewery, LLC
260 Eagleview Boulevard
Exton, PA 19341


Joshua Aaron Clark
Address redacted

Justin Pearson
Address redacted


Kaitlin Nakincheng
Address redacted


Karen Cruz-Dominguez
Address redacted


Katz Americas
3685 Lockport Road
Sanborn, NY 14132


Kya Eve Rittenhouse
Address redacted


Lamont Coffee & Tea Co
1139 Phoenixville Pike
West Chester, PA 19380


Markitus Crawford
Address redacted


Marquis Carrier
Address redacted


Maxair Mechanical, LLC
814 Livingston Court
Marietta, GA 30067


Megan Bartholomew
Address redacted


MFPS
1000 Potato Roll Lane
Chambersburg, PA 17202


Micah Maxie
Address redacted


Monica Ramon
Address redacted

National Revenue Center
Excise Tax
P.O. Box 790353
Saint Louis, MO 63179-0353


Nelbud Services
51 Koweba Lane
Indianapolis, IN 46201


Nicolas Cuevas
Address redacted


Office of the Attorney General
40 Capitol Square SW
Atlanta, GA 30334


Oilmatic of Georgia, LLC
2030 Airport Industrial Park Drive
Marietta, GA 30068


Orkin-National Accounts
P.O. Box 638898
Cincinnati, OH 45263-8898


Paycor, Inc
4811 Montgomery Road
Cincinnati, OH 45212


Paycor, Inc.
PO Box 639860
Cincinnati, OH 45263-9860


Pharron Carlos Banks
Address redacted


Precision Color Graphics
1401 Todds Lane
Wilmington, DE 19802


Pye Barker Fire & Safety
P.O. Box 735358
Dallas, TX 75373-5358

Rael National LLC-Fire protection
1750 Plaza Avenue
New Hyde Park, NY 11040


RC Fine Foods
P.O. Box 236
Belle Mead, NJ 08502


Roberts Oxygen Co
P.O. Box 5507
Rockville, MD 20855


Royal Food Service
P.O. Box 162389
Atlanta, GA 30321


Sarah Veronica Chase
Address redacted


Schneider National Carriers, Inc
P.O. Box 2545
Green Bay, WI 54306-2545


Singer Equipment
150 S Twin Valley Road
Elverson, PA 19520


Social Security Administration
Office of the General Counsel Region IV
61 Forsyth Street, SW, Suite 20T45
Atlanta, GA 30303


Trevor De Castro James
Address redacted


TSC Innovations
2860 Ogletown Road
Building 5, Unit 2
Newark, DE 19713


Twelve24 Office, LLC
3550 Lenox Road, Suite 2200
Atlanta, GA 30326

```
U.S. Bankruptcy Court
Clerk of Court
75 Ted Turner Drive, SW
Room 1340
Atlanta, GA 30303


U.S. Securities & Exchange Commission
Office of Reorganization
950 East Paces Ferry Road NE, Suite 900
Atlanta, GA 30326-1382


United States Attorney
600 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303


United States Trustee
Region 21
362 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303


Vestis-Aramark
P.O. Box 731676
Dallas, TX 75373-1676


WESTERMAN BALL EDERER
MILLER ZUCKER & SHARFSTEIN, LLP
William C. Heuer and Todd M. Gardella
1201 RXR Plaza
Uniondale, NY 11556


Yazmin G. Moran
Address redacted


Zak Laverdiere
Address redacted
```

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------------------x
In re                                                 :
                                                      :          Chapter 7
IRON HILL BREWERY OF                                  :
PERIMETER, LLC                                        :
                                                      :          Case No. 25-
Debtor.                                               :
---------------------------------------------------------x

**DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)**

1.   Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that Klestadt Winters Jureller Southard & Stevens, LLP (the "Firm") is bankruptcy counsel for the above named debtor and that compensation paid to the Firm within one year before the filing of the petition in bankruptcy, or agreed to be paid, for services rendered or to be rendered on behalf of the debtor (and its affiliates) in contemplation of or in connection with their bankruptcy cases is as follows:

   a.   For pre-bankruptcy legal services, the Firm was paid a total of $50,000 in two separate installments of $25,000 each from Iron Hill Brewery, LLC on September 10, 2025 and September 17, 2025.  The scope of pre-bankruptcy services included assessing and negotiating strategic options for Iron Hill Brewery, LLC and its affiliated debtors (collectively, the "Debtors") with creditors and other interested parties as well as the pursuit of liquidity and going concern business transactions. Then on September 26, 2025, the Firm received a payment of $82,774 from Iron Hill Brewery, LLC pursuant to a further engagement agreement for specified chapter 7 services on behalf of the Debtors, which payment was intended to represent a flat fee of $75,000 for the specified chapter 7 services and an advance of $7,774 for associated chapter 7 filing fees.

   b.   The Firm wrote off approximately $11,500 prior to the filing of the chapter 7 cases and no further balance is due from the Debtors.

2.   The source of the compensation paid to the Firm was Iron Hill Brewery, LLC.

3.   The Firm has not agreed to share the above-disclosed compensation with any other person unless they are members and associates of the Firm.

4.   In return for the above-disclosed fee, the Firm has agreed to render chapter 7 related legal services for the Debtors, including:

1

a. advise the Debtors with respect to filing petitions under the U.S. Bankruptcy Code,

b. review documents related to each of the Debtors' financial affairs,

c. prepare a chapter 7 bankruptcy filing for each of the Debtors, including all required schedules and statements (with information supplied by the Debtors' employees),

d. file and prosecute a chapter 7 bankruptcy case on behalf of each of the Debtors,

e. represent the Debtors at a meeting of creditors scheduled in the bankruptcy cases, and

f. correspond with a bankruptcy trustee appointed in the Debtors' bankruptcy cases.

5. By agreement with the Debtors, the above-disclosed fee does not include any other services, including with regard to any formal discovery, motion practice or litigation in relation to or arising out of the bankruptcy cases or any subsequently commenced adversary proceeding.

6. The Debtors DO NOT agree that coverage counsel may appear at hearings on their behalf in lieu of counsel retained by Debtors as needed.

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to the Firm for representation of the Debtors in this bankruptcy proceeding.

*Dated October 3, 2025*

**Sean C. Southard**

*/s/Sean C. Southard*

*Signature of Attorney*

**Klestadt Winters Jureller Southard &
Stevens, LLP
200 West 41st Street
17th Floor
New York, NY 10036
(212) 972-3000 Fax: (212) 972-2245
ssouthard@klestadt.com**